J-S04012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAWN MARIE LECUYER | : | |
| | : | |
| Appellant | : | No. 992 MDA 2020 |

Appeal from the PCRA Order Entered July 9, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000436-2017

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                **FILED MARCH 01, 2021**

Appellant, Dawn Marie Lecuyer, appeals from the order entered on July 9, 2020, which dismissed her petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  In this appeal from the denial of PCRA relief, Appellant's counsel filed a petition to withdraw and a no-merit brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  As we conclude that counsel fulfilled the procedural requirements of **Turner**/**Finley** and that this appeal is without merit, we grant counsel's petition to withdraw and affirm the PCRA court's order denying Appellant post-conviction relief.

In 2017, the Commonwealth charged Appellant with conspiracy to acquire a controlled substance by misrepresentation, attempt to acquire a controlled substance by misrepresentation, and multiple counts of identity

theft. On May 21, 2018, Appellant entered an open guilty plea to the conspiracy charge, with the possibility Appellant would receive a sentence of county intermediate punishment if she qualified as an "eligible offender" under the then-existing statutory scheme. N.T. Guilty Plea, 5/21/18, at 7 and 17. Under the plea agreement, "if for some reason [Appellant] was [found] not eligible for a county [intermediate punishment] program, or the [trial court] found that to be inappropriate . . . [Appellant] could withdraw her plea." *Id.* at 5-6. However, the trial court made it clear that, if Appellant did not qualify for county intermediate punishment and did not withdraw her plea, Appellant faced a standard guideline range sentence of 48 to 60 months in prison. *Id.* at 3. The trial court explained to Appellant that this meant Appellant could receive a standard range sentence of "four to eight years[,] . . . five to ten years[,] . . . [and, i]t could also be five to 15 years." *Id.* at 3-4.

During the plea hearing, Appellant engaged in a colloquy with the trial court, where she admitted the following:

> [Trial Court]: Did you conspire with another person or persons to obtain a controlled substance by making one or more misrepresentations?
>
> [Appellant]: Yes, sir.
>
> [Trial Court]: Who was the other person?
>
> [Appellant]: Donny Goodman.
>
> [Trial Court]: And what was the agreement that you and he had?
>
> [Appellant]: He was going to give me a portion of the pills.

[Trial Court]: What kind of pills?

[Appellant]: It was oxycodone, 30 milligrams.

[Trial Court]: So, was there a plan as to how he was going to obtain these pills?

[Appellant]: He was taking the prescription in to the pharmacy to try and get them.

[Trial Court]: Is it a valid prescription?

[Appellant]: No, sir.

[Trial Court]: Did you know it was not a valid prescription?

[Appellant]: Yes. Yes, I did know that it was not a valid prescription.

[Trial Court]: Did you know that before you agreed to drive him to the pharmacy?

. . .

[Appellant]: I actually met him in the same shopping center, but I knew he was going to go in there and try, yes, sir, I did.

. . .

[Appellant's Counsel]: [Appellant] was going to drive him away then.

[Appellant]: Yes. Yes.

. . .

[Appellant's Counsel]: [Appellant] was giving [Goodman] a ride, Your Honor, in exchange for part of the portion of the pills.

[Trial Court]: Okay. Did you know before you agreed to give him a ride that he was getting these pills, these oxycodone by misrepresentation?

[Appellant]: Yes. He had called me.

[Trial Court]: And he told you that?

[Appellant]: Yes.

[Trial Court]: So you knew that he had a bad prescription that he was trying to get these pills for?

[Appellant]: Yes, sir.

*Id.* at 14-17.

The trial court accepted Appellant's guilty plea and scheduled Appellant's sentencing hearing for July 30, 2018. ***See id.*** at 17; Trial Court Order, 6/25/18, at 1.

Appellant did not appear for her scheduled, July 30, 2018 sentencing hearing and the trial court issued a bench warrant for her arrest. Appellant turned herself in to authorities on February 28, 2019 and, on June 24, 2019, Appellant proceeded to sentencing in this case.

During the sentencing hearing, Appellant's counsel acknowledged that Appellant was no longer eligible for county intermediate punishment. N.T. Sentencing, 6/24/19, at 9. However, even though Appellant was not eligible for county intermediate punishment and, thus, could have possibly withdrawn her plea, Appellant acknowledged that "she does not want to withdraw [her plea] . . . and that she is ready to move forward with sentencing at this time." *Id.* at 17. The trial court then sentenced Appellant to serve a standard range sentence of four to eight years in prison for her conviction. *Id.* at 26. Appellant did not file a notice of appeal from her judgment of sentence.

- 4 -

On September 10, 2019, Appellant filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel and counsel filed an amended petition on Appellant's behalf. Within the amended petition, Appellant claimed that her trial counsel (hereinafter "Trial Counsel") was ineffective because:

> [Trial Counsel] never met with [Appellant] outside of court proceedings prior to entrance of the guilty plea[;]
>
> [Trial Counsel] indicated both verbally and on the guilty plea colloquy that [Appellant's] sentence would be capped at 11 ½ to 23 months[;]
>
> . . .
>
> [Trial Counsel] never contacted any of the witnesses that [Appellant] believed would demonstrate she was not guilty of [the] crimes for which she was charged.

Amended PCRA Petition, 9/10/19, at 2-3 (some capitalization omitted).

On April 7, 2020, the PCRA court provided Appellant with notice that it intended to dismiss her petition in 20 days, without holding a hearing. PCRA Court Order, 4/7/20, at 1-7; *see also* Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's petition on July 9, 2020 and Appellant filed a timely notice of appeal. In this appeal, Appellant's counsel filed a petition to withdraw as counsel and a no-merit brief pursuant to ***Turner/Finley***. Counsel presents the following issues in the ***Turner/Finley*** brief:

> Whether the [PCRA] court erred by denying Appellant's PCRA [petition] as [Trial Counsel's] ineffective assistance [] unlawfully induced Appellant to plead guilty as:
>
> a. [Trial Counsel] never met with [Appellant] outside of court proceedings prior to entrance of the guilty plea[;]

- 5 -

     b. [Trial Counsel] never contacted any of the witnesses that [Appellant] believed would demonstrate she was not guilty of crimes for which she was charged[;]

     c. [Trial Counsel] indicated both verbally and on the guilty plea colloquy indicated that [Appellant's] sentence would be capped at 11 ½ to 23 months incarceration. However, when [Appellant] appeared for sentencing on June 24, 2018, [Trial Counsel] informed [Appellant] she would likely be sentenced to [five] to [ten] years.

Appellant's Brief at 4 (some capitalization omitted).

     Prior to addressing the merits of the issues raised in the **_Turner_**/**_Finley_** brief, we must determine whether counsel met the procedural requirements necessary to withdraw. Counsel seeking to withdraw in PCRA proceedings

> must review the case zealously. **_Turner_**/**_Finley_** counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **_Turner_**/**_Finley_**, the court — [the PCRA] court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**_Commonwealth v. Muzzy_**, 141 A.3d 509, 510–511 (Pa. Super. 2016)

(citations and corrections omitted).

Here, counsel fulfilled the procedural requirements necessary for withdrawing as PCRA counsel. We thus turn to the merits of the claims raised in the **Turner**/**Finley** brief.

"We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*." **Commonwealth v. Cousar**, 154 A.3d 287, 296 (Pa. 2017) (citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that her conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) [her] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate [her] interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). Yet, where the ineffectiveness of counsel is claimed in connection with the entry of a guilty plea, a petitioner may only obtain relief where "counsel's deficient stewardship resulted in a manifest injustice, for

example, by facilitating [the] entry of an unknowing, involuntary, or unintelligent plea." ***Commonwealth v. Moser***, 921 A.2d 526, 530 n.3 (Pa. Super. 2007) (*en banc*) (citations and quotations omitted). As we have explained:

> once a defendant has entered a plea of guilty, it is presumed that [she] was aware of what he was doing, and the burden of proving involuntariness is upon [her]. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against [her], the voluntariness of the plea is established.

***Commonwealth v. Stork***, 737 A.2d 789, 791 (Pa. Super. 1999) (quotations, citations, and corrections omitted), *quoting* ***Commonwealth v. Myers***, 642 A.2d 1103, 1105 (Pa. Super. 1994). "To prove prejudice, [an] appellant must prove [she] would not have [pleaded] guilty and would have achieved a better outcome at trial." ***Commonwealth v. Fears***, 86 A.3d 795, 807 (Pa. 2014) (quotations and citations omitted).

Moreover, "[a] defendant is bound by the statements which [she] makes during [her] plea colloquy." ***Commonwealth v. Lewis***, 708 A.2d 497, 502 (Pa. Super. 1998) (citation omitted). "A defendant may not assert grounds for withdrawing the plea that contradict statements made when [she] pled guilty." ***Id.***

First, Appellant claims that Trial Counsel was ineffective because counsel "never met with [Appellant] outside of court proceedings prior to entrance of the guilty plea." Appellant's Brief at 10. This claim immediately fails, as

Appellant did not plead, in her PCRA petition, how Trial Counsel's limited face-to-face meetings with her caused her prejudice. *Stewart*, 84 A.3d at 707 ("[a] failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim"). As such, Appellant is not entitled to relief on this claim.

Next, Appellant claims that Trial Counsel was ineffective, as counsel "never contacted any of the witnesses that [Appellant] believed would demonstrate she was not guilty of crimes for which she was charged." Appellant's Brief at 10. However, as we have explained, "[a] defendant is bound by the statements which [she] makes during [her] plea colloquy;" "[a] defendant may not assert grounds for withdrawing the plea that contradict statements made when [she] pled guilty." *Lewis*, 708 A.2d at 502. Here, Appellant admitted that she was guilty of conspiracy to acquire a controlled substance by misrepresentation during the guilty plea hearing. *See* N.T. Guilty Plea, 5/21/18, at 14-17. Appellant cannot collaterally attack her plea by claiming that she was actually lying during her colloquy with the trial court. *See Lewis*, 708 A.2d at 502. As such, Appellant's claim on appeal fails.

Finally, Appellant claims that Trial Counsel was ineffective for inducing her to plead guilty by falsely promising that her sentence "would be capped at 11 ½ to 23 months incarceration." Appellant's Brief at 10. As the PCRA court ably explained, Appellant's claim fails:

On May 21, 2018, at the time [Appellant] pled guilty, she pled open, without any specific agreement as to sentencing. [Appellant] was informed that she could be sentenced to seven-and-a-half to [15] years' incarceration in a State Correctional Institution (hereinafter "SCI"). [Appellant] was also informed that pursuant to the guidelines, a standard range sentence could be four to eight years or as much as five to ten years.

The Commonwealth and [Appellant] were hoping to get a county intermediate punishment (hereinafter "IP") sentence, which would be one year minus one day to two years minus two days. However, a county IP sentence was contingent upon whether she qualified for such a sentence, and if she was, whether the [trial] court would accept such a grossly mitigated range sentence. Trial Counsel indicated that should the [trial] court want to go above a county sentence, she would like [Appellant] to be able to withdraw her plea.

Sentencing was scheduled for July 30, 2018. On that date, [Appellant] failed to appear and a bench warrant was issued. Seven months later, [Appellant] turned herself in and a hearing on that bench warrant was scheduled for [February 28, 2019]. At this hearing, it was determined that according to the pre-sentence investigation, [Appellant] was not eligible for county IP, and the recommendation was for a [five to ten] year sentence. [Appellant] agreed to waive her right to be sentenced within 90 days so that she could be evaluated for state IP. At no time did [Appellant] indicate any desire to withdraw her plea.

At [Appellant's] sentence on June 24, 2019, it was determined that [Appellant was] not eligible for state IP. Trial Counsel indicated that [Appellant] "is now understanding the fact that she will be receiving a state sentence," and requested the [trial] court to consider a mitigated sentence. [Appellant] indicated she was "under a lot of different assumptions when she had . . ." her previous counsel. However, she also indicated that [her current counsel] "has done everything to try to correct [prior counsel's] mistakes."

While [Appellant] indicated that when she originally pled guilty she believed it would be a one year county sentence, she also admitted she remembers the [trial] court indicating

- 11 -

what the possible range of sentences could be due to the fact she was pleading open.

The [trial] court noted that it appeared there was an agreement that if [Appellant] was not eligible for a county IP, she could withdraw her guilty plea.

Both the Commonwealth and [Appellant] indicated that there was a discussion at [Appellant's] bench warrant hearing in regard to [Appellant] withdrawing her plea, but [Appellant] declined to do so and instead wanted to try for state IP instead.

Finally, at the June 24, 2019 sentencing hearing, [Appellant's counsel] discussed with [Appellant] whether or not she would like to withdraw her guilty plea, "and her position was that she does not want to withdraw it and that she is ready to move forward with sentencing at this time. [Appellant] can correct me if I'm wrong." [Appellant] responded, "that is correct."

Given the foregoing, the totality of the circumstances surrounding [Appellant's] plea and sentence shows that [Appellant] had a full understanding of the nature and consequences of her plea such that she knowingly and intelligently entered the plea of her own accord.

PCRA Court Opinion, 4/7/20, at 3-5 (citations and some capitalization omitted).

We agree with the PCRA court's thorough analysis and conclude that Appellant's final claim on appeal thus fails.

After review, we conclude that counsel complied with the procedural requirements for withdrawing as counsel and, under ***Turner***/***Finley***, the issues Appellant wished to pursue in her PCRA petition are without merit. Accordingly, we grant counsel's petition to withdraw and affirm the order denying Appellant post-conviction collateral relief.

Petition to withdraw as counsel granted. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/01/2021